IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Nadia Mary Metroka                                         Case number: 24-cv-60127

Petitioner,

v.

Keri Joseph, individually and/or
as Agent of the Broward County
Grievance Committee

Respondent.
_____/

PLAINTIFF'S COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff, Nadia Mary Metroka Esq., files this complaint and request for injunctive relief against Keri Joseph, the Florida Bar Broward County Grievance Committee, Broward County and provides as grounds the following:

INTRODUCTION

1. This is a 42 U.S.C. 1983 Civil Rights Action being brought against an agent of state agency violating Plaintiff's constitutional rights as protected by the United States Constitution.

JURISDICTION

1. This action is brought pursuant to 42 U.S.C 1983.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 as this action involves a federal question arising under the laws of the United States and 28 U.S.C. § 1332 as this action involves a matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the Defendant,

1

Joseph, is deemed to reside in this judicial district for purposes of venue since she is a resident of Broward County, Florida, which lies within the geographic bounds of the Southern District of Florida.

4. The Defendant, Joseph ("Defendant"), is an adult individual resides in Broward County, Florida, which is located within the Southern District of Florida.

5. The Plaintiff, Metroka ("Plaintiff") resides in Miami-Dade County, Florida which is located within the Southern District of Florida.

## PARTIES TO THIS ACTION

1. Defendant is bar counsel for the Florida Bar and an investigating member for the Broward County Grievance Committee.

2. Plaintiff is a member of the Florida Bar in good standing.

## FACTUAL ALLEGATIONS

1. On May 17, 2017, Plaintiff was wrongly arrested after being assaulted by a bouncer at a restaurant/bar on Himmarshee Street in Downtown Fort Lauderdale. Plaintiff spent a night in jail and was released the next day prior to seeing a magistrate. The city prosecutor refused to pursue charges and told Plaintiff's lawyer that he was sorry for what happened.

2. Even though the arrest was wrongful, the mugshot from the jail was published to the worldwide web where it stayed for approximately three (3) years resulting in significant distress to the Plaintiff and a distorted and false public perception of Plaintiff.

3. In 2020, Plaintiff was arrested again by the same Police department while she was exercising her rights to freedom of speech on a public sidewalk outside of a pizza place during the height of the violence that was occurring during the Covid-19 lockdowns.

4. Initially, Plaintiff was charged with disturbing the peace and public nuisance. However, thereafter the County prosecutors changed the charges to disorderly intoxication and resisting without violence.

5. The case went to a bench trial and Plaintiff was found not guilty of the charges.

6. The mugshot from this arrest was also published to the worldwide web where it stayed for a year resulting in significant distress to the Plaintiff and a distorted and false public perception of Plaintiff.

7. In 2022, Plaintiff was pulled over for speeding in North Carolina while in a family emergency and ultimately plead to a misdemeanor reckless driving conviction that her North Carolina lawyer described to her as being a "ticket".

8. In 2022, Plaintiff was wrongly arrested again in Pennsylvania. The mugshot from this arrest was also published to the worldwide web where it stayed for a year resulting in significant distress to the Plaintiff and a distorted and false public perception of Plaintiff.

9. There was also a false, "click-bate" deeply harmful publication released to the public via the worldwide web pertaining to the arrest adding to the significant distress and distorted and false public perception of Plaintiff.

10. In October 2023, after many months of harassing behavior toward Plaintiff pertaining to the above, Defendant reported the Plaintiff to the Broward County Grievance Committee seeking for the committee to pursue disciplinary charges against the Plaintiff.

11. In support of same, Defendant made fraudulent and prejudicial claims to the committee regarding the subject arrests in support of pursuing charges against the Plaintiff.

12. Defendant also made fraudulent and prejudicial claims intending to make the driving conviction charges appear more severe by stating that Plaintiff was arrested for same.

13. Defendant also made fraudulent and prejudicial claims pertaining to the 2022 arrest by attaching the false, "click-bate" article published to the worldwide web and providing same as grounds to pursue disciplinary charges against the Plaintiff.

14. The subject article was unlawful and in violation of the U.S. Constitution, the Pennsylvania Constitution, Pennsylvania State CHRIA Statute, the Pennsylvania Right to Know Law, and several state statutes pertaining to privacy and fairness in proceedings. [1]

15. The subject article caused Plaintiff to experience **significant** distress and significant harm. Plaintiff was forced to sue the police in Pennsylvania due to the subject article[2] and **it took her a year of deeply distressing litigation** to get the subject publication removed from public view.

16. Defendant's conduct of disseminating the subject publication caused Plaintiff to experience the paralyzing distress that she was forced to experience for a year all over again and added additional paralyzing distress because it made Plaintiff feel trapped and hopeless that the deeply harmful, unlawful, and false article would never stop harming Plaintiff.

17. Defendant's conduct made Plaintiff feel stripped of any protection and rights afforded Plaintiff pursuant to the law and did strip Plaintiff of any protection and rights afforded Plaintiff by law.

18. Defendant knew or should have known how deeply distressing the subject article was to Plaintiff and knew or should have known that it was false and "click-bate" information and were she a lawyer worth her salt, she would respect the judicial findings that Plaintiff was not guilty of

---

[1] Plaintiff believes there is a possibility that Defendant is acting in concert with the Defense in Pennsylvania to have the subject publication disseminated to the public through Florida's liberal public record laws as part of ongoing and persistent attempts to intimidate and harass Plaintiff so that she will be unable to complete the subject litigation currently pending in Pennsylvania.

[2] Defendant began questioning Plaintiff about the subject lawsuit after one of the Defense attorneys in the case pending in Pennsylvania filed a bar complaint against her in bad faith while the case was pending. Defendant's inquiries were made with intention and knowledge that the answers to same would go directly to the Defense in the subject case.

the charges that gave rise to the subject publication. The anger, helplessness, and shear fury at Defendant's conduct made likely caused Plaintiff to experience post traumatic stress disorder.

RATIONALE FOR BRINGING THIS LAWSUIT

19. As lawyers, we have a duty of candor and honesty in proceedings. Plaintiff takes the oath very seriously and expects other members to do same.

20. In *Florida Bar v. Rousso*, No. SC11-15 (Fla. March 28, 2013) the Florida Supreme Court held: **"The Court has clearly stated that "basic, fundamental dishonesty . . . is a serious flaw, which cannot be tolerated."**

21. When members of the Florida Bar are dishonest to each other, the courts, legal proceedings, and the public it is difficult to believe that same would be dishonest. Same are given automatic credibility and this causes confusion and perverts our system of justice tremendously resulting in miscarriages of justice.

22. As lawyers we also have a duty to uphold and protect constitutional rights. "The Code of Ethics referred to may be found in 145 Fla. 763 et seq., and in Volume31 F.S.A. 405 (See Rule B, Section (1), page 420 - Oath of Admission). The Oath of Admission, among other things, requires the following: "I do solemnly swear: "I will support the Constitution of the United States and the Constitution of the State of Florida." See also Section 2, Article XVI, Constitution of Florida."

23. Defendant's conduct shows little regard for constitutional rights and her willingness to provide dishonest statements to her colleagues, the court, and the public indicates she lacks the fitness and character required to be a member of the Florida Bar.

24. People that do not understand the most fundamental principles of constitutional rights should not and cannot be lawyers because the oath requires lawyers to be honest and uphold the

5

U.S. Constitution.

25. Constitutional rights are the bedrock of freedom, liberty, and justice for all. The biggest threat to constitutional rights is people in positions requiring they uphold and protect same being unaware and ignorant of same. Our founding fathers experienced and studied tyranny and oppression by governing bodies giving rise to the Declaration of Independence, Articles of Confederation, the United States Constitution, The Federalist Papers, and the Bill of Rights. Our founding fathers had far more experience and knowledge than any given person in modern day times on how to prevent tyranny and oppression when they drafted the subject documents including the U.S. Constitution.

26. Plaintiff is deeply concerned about the current state of our nation and the ongoing and persistent widespread abuses of Constitutional rights. Plaintiff worries about how the continuing lack of knowledge and awareness of same will affect future generations. Plaintiff wants to make sure she does her part in preventing the dilution of knowledge, emphasis on ignorance, dishonesty, and oppressive behavior further. As a member of the Florida Bar, Plaintiff is required to fight for and uphold cherished constitutional rights.

### 42 U.S.C. 1983 CIVIL RIGHTS ACTION AGAINST DEFENDANT, INDIVIDUALLY AND AS AN AGENT ACTING UNDER COLOR OF LAW FOR A STATE AGENCY

27. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *West v. Atkins*, 487 U.S. 42, 45 n.3 (1988).

28. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt* v. *Taylor*, 451 U.S. 527, 535 (1981)(overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

29. Defendant's conduct violates Plaintiff's Due Process Rights and Constitutional Right to Privacy as guaranteed to her by and through the 14TH Amendment of the U.S. Constitution.

30. At all times material to this complaint, Defendant was acting individually and/or under color of state law.

31. Defendant's conduct has resulted in the Broward County Grievance Committee finding probable cause to pursue disciplinary proceedings against the Plaintiff and this has and will continue to cause ongoing, needless, and unnecessary harm to the Plaintiff.

32. Defendant's conduct of disseminating the false "click-bate" publication to her colleagues and soon the public (and the false police reports) as evidence of wrongdoing has caused Plaintiff to experience *significant* distress.

**33. Plaintiff has suffered and continues to suffer significant emotional, psychological, and physical distress because of Defendant's conduct**.

34. Plaintiff has also suffered economic distress because she has had to spend time responding and coping with Defendant's conduct that has caused significant distress thereby preventing Plaintiff from enjoying her constitutional right to work.

35. Plaintiff was also forced to spend money hiring a lawyer that failed to provide adequate legal assistance thereby compounding the significant emotional, psychological, and physical distress experienced because of Defendant's conduct.

7

36. Plaintiff demands a trial by jury on all claims so triable.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For declaratory relief determining that the acts and omissions described herein violated Plaintiff's rights as guaranteed by Plaintiff's 6th Amendment rights, 4th Amendment rights, the Pennsylvania State CHRIA statute, and the Pennsylvania Right to Know Law.
2. For injunctive relief ordering Defendant to cease from continuing the unlawful practices alleged herein;
3. For compensatory damages in an amount to be determined at trial;
4. For punitive damages as allowed by law;
5. For costs of suit incurred herein;
6. For attorney's fees pursuant to 42 U.S.C. § 1988; and
7. For such other and further relief as the Court deems just and proper.

Respectfully Submitted.

*/s/Nadia Mary Metroka Esq.*

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Nadia Mary Metroka
Petitioner,

Case number to be assigned:

v.

Keri Joseph, individually and/or
as Agent of the Broward County
Grievance Committee

Respondent.
_____/

## CERTIFICATION UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

I, Nadia Mary Metroka Esq, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

- This document is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
- The claims, defenses, and legal contentions herein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law.
- The factual allegations have evidentiary support or will likely have evidentiary support after a reasonable opportunity for investigation or discovery.
- Any denials of factual allegations are warranted on the evidence or, to the extent that such matters are not warranted by evidence, they are based upon a belief or a lack of information in accordance with Rule 11(b) of the Federal Rules of Civil Procedure.

1/23/24

Respectfully Submitted,

/x/*Nadia Mary Metroka Esq.*
1300 Washington Avenue
P.O. Box 191452
Miami Beach, Florida 33119
(305) 906-2704

9

NadiaMetroka@gmail.com
*Pro Se* Plaintiff