IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Nadia Mary Metroka                                          Case number: 24-cv-60127

Petitioner,

v.

Keri Joseph, individually and/or
as Agent of the Broward County
Grievance Committee

Respondent.
_____/

**MOTION FOR SANCTIONS UNDER RULE 11**

COMES NOW the Plaintiff, Nadia Mary Metroka Esq, hereinafter: 'Plaintiff' *pro se* and pursuant to Federal Rule of Civil Procedure 11, hereby moves this Honorable Court for sanctions against the Defendant, Keri Joseph, and her counsel, Gypsy Bailey, herein referred to as 'Respondents.' The grounds for this motion are as follows:

**BACKGROUND:**
This is a 42 U.S.C. 1983 Civil Rights Action being brought against an agent of state agency violating Plaintiff's constitutional rights as protected by the United States Constitution.

**LEGAL STANDARD:**
Federal Rule of Civil Procedure 11(b) provides, in pertinent parts, that by presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**VIOLATION OF FLORIDA ETHICS RULE 4.5:**
Respondents have consistently and intentionally refused to accede to reasonable requests for waivers of procedural formalities, thereby adversely affecting the expeditious and cost-effective resolution of this matter, contrary to Rules 3.2 and 4.5 the Florida Standards of Professionalism, specifically Florida Ethics Rule 4.5, which states: "4.5 A lawyer should accede to reasonable requests for waivers of procedural formalities when the client's legitimate interests are not adversely affected" (*In re Code for Resolving Professionalism Referrals & Amendments to Rule Regulating The Fla. Bar 6-10.3.*, No. SC2023-0884, at *20 (Fla. July 6, 2023)).

**EVIDENCE OF VIOLATION:**
Attached hereto as Composite Exhibit A is a series of correspondences via emails clearly evidencing Respondents' willful disregard for the above-stated Florida Ethics Rule. Plaintiff requested Respondents waive service of process. To wit, Respondents refused. Plaintiff then provided Florida Ethics Rule 4.5 found in *In re Code for Resolving Professionalism Referrals & Amendments to Rule Regulating The Fla. Bar 6-10.3*., No. SC2023-0884, at *20 (Fla. July 6, 2023). Thereafter, Respondents refused again stating: "It is simply bar practice not to sign such waivers."

**ARGUMENT:**
By failing to accede to reasonable requests for waivers of procedural formalities where such waivers would not negatively impact Respondents' legitimate interests, and by persisting in this refusal despite clear ethical guidelines, Respondents have abused the judicial process. Such conduct is prejudicial to the administration of justice, imposes unnecessary delays and costs upon Plaintiff and demonstrates a clear violation of Rule 11(b).

**REQUEST FOR SANCTIONS:**
The nature of the sanctions should be sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Accordingly, Plaintiff respectfully requests that the Court:

1. Issue an order requiring Respondents to pay to Plaintiff the reasonable expenses incurred because of the filing of the motion, including attorney's fees;
2. Order the Respondents to pay the filing fee required to commence the subject action; and
3. Provide other relief as this Court deems just and proper, including but not limited to, compelling compliance with procedural rules moving forward in this case.

**CONCLUSION:**
Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant this motion for sanctions under Rule 11 against Respondents.

Respectfully Submitted,
/x/*Nadia Mary Metroka Esq.*
1300 Washington Avenue
P.O. Box 191452
Miami Beach, Florida 33119
(305) 906-2704
NadiaMetroka@gmail.com
*Pro Se* Plaintiff

## CERTIFICATE OF SERVICE

I, Nadia Mary Metroka Esq,, hereby certify that a true and correct copy of the foregoing request will be served via email and ecf filing this 24th day of January 2024 to Ms. Gypsy Bailey Esq. with the address 651 E. Jefferson Street, Tallahassee, Florida 32399 and email GBailey@floridabar.org.

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Nadia Mary Metroka                                             Case number: 24-cv-60127

Petitioner,

v.

Keri Joseph, individually and/or
as Agent of the Broward County
Grievance Committee

Respondent.
_____/

**CERTIFICATION UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

I, Nadia Mary Metroka Esq, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

- This document is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
- The claims, defenses, and legal contentions herein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law.
- The factual allegations have evidentiary support or will likely have evidentiary support after a reasonable opportunity for investigation or discovery.
- Any denials of factual allegations are warranted on the evidence or, to the extent that such matters are not warranted by evidence, they are based upon a belief or a lack of information in accordance with Rule 11(b) of the Federal Rules of Civil Procedure. 1/24/24.

Respectfully Submitted,
/x/Nadia Mary Metroka Esq.
1300 Washington Avenue
P.O. Box 191452
Miami Beach, Florida 33119
(305) 906-2704
NadiaMetroka@gmail.com
Pro Se Plaintiff

Composite Exhibit A

Nadia Metroka Esq. <nadiametroka@gmail.com>

# Request for Service of Process to Be Waived - Joseph
5 messages

**Nadia Metroka Esq.** <nadiametroka@gmail.com>     Tue, Jan 23, 2024 at 9:53 AM
To: "Joseph, Keri T" <kjoseph@floridabar.org>, "Nadia Metroka Esq." <nadiametroka@gmail.com>

Ms. Joseph,

Please see attached complaint and summons filed in the Southern District of Florida. Please let me know at your earliest convenience if you are willing to waive service of process.

Thank you.

Sincerely,
Nadia Mary Metroka Esq.

---

**2 attachments**

 **Summons 42 U.S.C 1983 Summons-Joseph.pdf**
128K

 **42 U.S.C 1983 Initial Complaint-Joseph.pdf**
283K

---

**Bailey, Gypsy** <GBailey@floridabar.org>     Tue, Jan 23, 2024 at 3:38 PM
To: "nadiametroka@gmail.com" <nadiametroka@gmail.com>
Cc: "Joseph, Keri T" <KJoseph@floridabar.org>, "Courtemanche, Richard" <RCourtemanche@floridabar.org>

Good afternoon, Ms. Metroka. The Florida Bar is in receipt of your complaint filed today in the USDC, Southern District. The Florida Bar does not agree to waive service of process as a matter of practice.

You may serve me or Rick Courtemanche, copied, at the address noted below in my signature block.

## Gypsy Bailey

General Counsel

Director of Ethics & Consumer Protection



[651 E. Jefferson Street](#)

[Tallahassee, FL 32399](#)

[www.floridabar.org](#)

   

[Quoted text hidden]

Please note: Florida has very broad public records laws. Many written communications to or from The Florida Bar regarding Bar business may be considered public records, which must be made available to anyone upon request. Your e-mail communications may therefore be subject to public disclosure.

Exhibit A2

---

**Nadia Metroka Esq.** <nadiametroka@gmail.com>  Tue, Jan 23, 2024 at 5:01 PM
To: "Bailey, Gypsy" <GBailey@floridabar.org>
Cc: "Joseph, Keri T" <KJoseph@floridabar.org>, "Courtemanche, Richard" <RCourtemanche@floridabar.org>, "Nadia Metroka Esq." <nadiametroka@gmail.com>

Ms. Bailey,

Thank you for your email. I believe that your refusal to waive service of process violates Florida Ethics rule 4.5. Same provides the following:

 "4.5 A lawyer should accede to reasonable requests for waivers of procedural formalities when the client's legitimate interests are not adversely affected" *In re Code for Resolving Professionalism Referrals & Amendments to Rule Regulating The Fla. Bar 6-10.3.*, No. SC2023-0884, at *20 (Fla. July 6, 2023).

Please let me know if you change your mind.

Thank you.

Sincerely,
Nadia Mary Metroka Esq.

[Quoted text hidden]

---

**Bailey, Gypsy** <GBailey@floridabar.org>  Tue, Jan 23, 2024 at 5:13 PM
To: "Nadia Metroka Esq." <nadiametroka@gmail.com>
Cc: "Joseph, Keri T" <KJoseph@floridabar.org>, "Courtemanche, Richard" <RCourtemanche@floridabar.org>

Thank you for your response. It is simply bar practice not to sign such waivers.

Gypsy Bailey

[Quoted text hidden]

---

**Nadia Metroka Esq.** <nadiametroka@gmail.com>  Tue, Jan 23, 2024 at 5:17 PM
To: "Bailey, Gypsy" <GBailey@floridabar.org>
Cc: "Courtemanche, Richard" <RCourtemanche@floridabar.org>, "Joseph, Keri T" <kjoseph@floridabar.org>, "Nadia Metroka Esq." <nadiametroka@gmail.com>

A practice by the Florida Bar to not comply with the rules of ethics?

[Quoted text hidden]