UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-60127-CIV-SINGHAL

NADIA MARY METROKA,

      Plaintiff,

v.

KERI JOSEPH,

      Defendant.
_____/

## ORDER DENYING MOTION REQUESTING RECONSIDERATION

**THIS CAUSE** comes before the Court on Plaintiff Nadia Mary Metroka's ("Plaintiff") Motion Requesting Reconsideration (DE [11]). On January 23, 2024, Plaintiff filed a Complaint (DE [1]) but did not pay the court filing fee of $405.00 or file a motion for leave to proceed *in forma pauperis*. On January 23, 2024, Plaintiff was provided a Clerk's Notice instructing Plaintiff to file a Notice of Compliance of Filing Fee and electronically pay the correct fees of $405.00 within 24 hours of this notice. *See* (DE [4]). The Court entered an Order of Dismissal on January 25, 2024, dismissing the Complaint without prejudice and closing the case. *See* (DE [8]). On January 27, 2024, Plaintiff filed a Request to Reopen the Case and Request for Extension to Pay Filing Fee (DE [9]). On January 31, 2024, this Court entered an order denying Plaintiff's Request to Reopen the Case and Request for Extension to Pay Filing Fee. *See* (DE [10]).

"Reconsideration is an extraordinary remedy to be employed sparingly." *Holland v. Florida*, No. 06-20182-CIV-SEITZ, 2007 WL 9705926, at *1 (S.D. Fla. June 26, 2007) (citation and internal quotation marks omitted). "The only grounds for granting a motion

for reconsideration 'are newly-discovered evidence or manifest errors of law or fact.'" *United States v. Dean*, 838 Fed. Appx. 470, 471 (11th Cir. 2020) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)).  A motion for reconsideration should raise new issues, not merely address issues litigated previously.  *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997).  "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief."  *Dean*, 838 Fed. Appx. at 471 (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

Here, Plaintiff asserts that shortly after the Court entered its order denying Plaintiff's Request to Reopen the Case and Request for Extension to Pay Filing Fee (DE [10]), Plaintiff fell ill and has been ill since, causing Plaintiff to be unable to take the action necessary to make payment of the filing fee.  *See* (DE [11]).  Plaintiff fails to point to any newly discovered evidence or manifest errors of law or fact which would warrant the extraordinary remedy she seeks.  *See Dean*, 838 Fed. Appx. at 471.  Plaintiff's illness arose after the Court's order (DE [10]) and, therefore, has no bearing on the substance of the order of which she requests reconsideration.  Furthermore, the Court's order (DE [10]) did not direct Plaintiff to pay the filing fee but rather instructed Plaintiff to "commence a new action <u>and</u> either pay the court filing fee or file a motion for leave to proceed *in forma pauperis*."  *See* (DE [10] at 2) (emphasis added).  Plaintiff must commence a new action in order to proceed with this litigation.

[continued on next page]

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion Requesting Reconsideration (DE [11]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of February 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF